Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

**26SL-CC03943**

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

| | |
|---|---|
| **SEPM Missouri Services, P.C., Southeast Emergency Physicians of Memphis Associates, P.C., Southeastern Emergency Physicians of Memphis LLC, and Missouri Emergency Services PC,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No.** |
| ) | |
| **RightCHOICE Managed Care, Inc., d/b/a/ Anthem Blue Cross and Blue Shield of Missouri,** ) | **Division:** |
| ) | |
| **Statutory Agent: CT Corporation System 5661 Telegraph Road Suite 4B St. Louis, MO 63129-4275** ) | |
| ) | |
| **Healthy Alliance Life Insurance Company,** ) | |
| ) | |
| **Statutory Agent: CT Corporation System 5661 Telegraph Road Suite 4B St. Louis, MO 63129-4275** ) | |
| ) | |
| **HMO Missouri, Inc.** ) | |
| ) | |
| **CT Corporation System 5661 Telegraph Road Suite 4B St. Louis, MO 63129-4275** ) | |
| ) | |
| **Defendants.** ) | |

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

**PETITION**

COME NOW the Plaintiffs SEPM Missouri Services, P.C. ("SEPM"), SE Emergency Physicians of Memphis Associates, P.C. ("SEP Memphis"), Southeastern Emergency Physicians of Memphis LLC ("Southeastern EPM"), Missouri Emergency Services PC ("MES") (collectively "Plaintiffs" or "Providers"), by and through counsel, and for their Petition allege:

**PARTIES, JURISDICTION, AND VENUE**

1.      SEPM is a Missouri corporation with its principal place of business located at 265 Brookview Centre Way, Suite 203, Knoxville, Tennessee 37919. SEPM bills Anthem Missouri[1] under the TIN 47-1821845. The Provider Agreement between SEPM and Anthem Missouri expired on January 11, 2024.

2.      SEP Memphis is a Missouri corporation with its principal place of business located at 265 Brookview Centre Way, Suite 203, Knoxville, Tennessee 37919.  SEP Memphis bills Anthem Missouri under the TIN 47-1647686 and has never had a provider agreement with Anthem Missouri.

3.      Southeastern EPM is a Tennessee limited liability company with its principal place of business located at 265 Brookview Centre Way, Suite 203, Knoxville, Tennessee 37919. Southeastern EPM bills Anthem Missouri under the TIN 62-1453389 and has never had a provider agreement with Anthem Missouri.

4.      MES is a Missouri corporation with its principal place of business located at 265 Brookview Centre Way, Suite 203, Knoxville, Tennessee 37919. MES bills Anthem Missouri under the TIN 45-3955994.

---

[1] As set forth in ¶ 8 below, Defendants are collectively defined and referred to herein as "Anthem Missouri."

2

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

5.     Defendant RightCHOICE Managed Care, Inc., d/b/a/ Anthem Blue Cross and Blue Shield of Missouri ("Right Choice") is a Delaware corporation with its principal place of business located at 1831 Chestnut Street, St. Louis, Missouri.

6.     Defendant Healthy Alliance Life Insurance Company ("Healthy Alliance") is a Missouri corporation with its principal place of business located at 100 S 4th St, St. Louis, Missouri.

7.     Defendant HMO Missouri, Inc. ("HMO Missouri") is a Missouri corporation with its principal place of business located at 100 S 4th St, St. Louis, Missouri.

8.     Anthem Blue Cross and Blue Shield is the trade name of Right Choice, Healthy Alliance, and HMO Missouri (collectively "Anthem Missouri" or "Defendants").

9.     This Court has personal jurisdiction over Defendants under Mo. Ann. Stat. § 506.500 because the Defendants maintain their principal places of business in Missouri and conduct business in the state. This Court has subject matter jurisdiction over this matter because it involves issues of state law and the amount in controversy exceeds the minimal jurisdictional amount.

10.     Venue is appropriate in this Court under Mo. Ann. Stat. § 508.010(2)(4) because Defendants are nonresidents of the state and suit may be brought in any county in Missouri.

## NATURE OF THE ACTION

11.     Plaintiffs bring this action to assert their common law and statutory rights to reasonable payments from Anthem Missouri for emergency medical services Plaintiffs provided to Anthem Missouri's members.

12.     At all times material to this action (*i.e.*, January 1, 2024, to present), Plaintiffs did not have written contracts with Anthem Missouri to establish the rates of reimbursement for the

3

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

emergency medical services Plaintiffs provide to Anthem Missouri's members, and thus Plaintiffs have been out-of-network ("OON") non-participating providers.

13.     The claims within the scope of this action (collectively the "OON Claims") are out-of-network commercial claims for emergency medical services which were incorrectly processed and adjudicated by Anthem Missouri as in-network claims and improperly reimbursed at discounted rates applicable to participating providers, which Plaintiffs are not (the "Underpaid Claims").

14.     Notably, Plaintiffs' *right* to receive payments for the OON Claims is not at issue in this lawsuit; instead, only the *rate* and *timing* of payments are in dispute. With respect to the Underpaid Claims, Anthem Missouri has already determined that these claims were covered and made initial payments, albeit at unreasonably low and inappropriate rates.

15.     Therefore, Plaintiffs bring this action to seek prompt reimbursement at reasonable rates customary for out-of-network providers for the medically necessary services that it provided to Anthem Missouri's members—payments that Anthem Missouri has consistently and unjustifiably withheld despite repeated demands by Plaintiffs.

## FACTUAL ALLEGATIONS

16.     Anthem Missouri is a managed care organization that insures, operates, and administers health plans in Missouri. In exchange for premiums and/or fees or other compensation, Anthem Missouri assumes responsibility for the payment of medically necessary health care services, including emergency medical services, rendered to patients covered by its health plans.

17.      Right Choice, Healthy Alliance and HMO Missouri administer non-HMO benefits underwritten by Healthy Alliance and HMO benefits underwritten by HMO Missouri.

18.     Plaintiffs provide emergency medical services and staffing to hospitals in Missouri.

4

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

19.     Under the Emergency Medical Treatment and Labor Act ("EMTALA"), Plaintiffs are legally required to screen and provide emergency medical treatment to patients regardless of the patient's ability to pay or insurance status.

20.     Accordingly, Plaintiffs regularly provided and continue to provide emergency medical services to members of Anthem Missouri.

21.     Just as Plaintiffs provide emergency care to patients in a non-discriminatory manner, Anthem Missouri, as well as Healthy Alliance and HMO Missouri, bear responsibility for the payment of emergency medical care provided to Anthem Missouri's members regardless of the contractual relationship with the provider—in other words, regardless of whether the treating provider is a participating or non-participating provider.

22.     Anthem Missouri understands and acknowledges that its members may from time to time receive emergency treatment from non-participating providers, as evidenced by its publicly available reimbursement policies.

23.     Anthem Missouri assures its members that in such instances emergency services will be covered, and the out-of-network doctors or specialists will be paid directly.

### *Plaintiffs Are Out-of-Network Providers*

24.     Until January 1, 2024, SEPM and Anthem Missouri were parties to a participating provider agreement, which established negotiated reimbursement rates for SEPM's services; however, effective January 1, 2024, the participating provider agreement was terminated by SEPM.

25.     Anthem Missouri acknowledged the contract termination, and SEPM became a non-participating provider with respect to Anthem Missouri's members.

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

26. During all relevant times, the remaining Plaintiffs did not have a participating provider agreement with Anthem Missouri.

27. During all relevant times, Healthy Alliance and HMO Missouri were underwriting non-HMO and HMO benefits administered by Right Choice.

### Anthem Missouri Improperly Adjudicates and Wrongfully Underpays Plaintiffs' Claims

28. Since at least January 1, 2024, Anthem Missouri has engaged in a systematic and iniquitous underpayment of many of Plaintiffs' claims.

29. Despite the termination of SEPM's provider agreement, Defendants have continued to adjudicate and pay SEPM's OON claims as in-network at the discounted contract rate, rather than based on the reasonable and customary value of the services rendered.

30. SEP Memphis, MES and Southeastern EPM have never been contracted providers with Anthem Missouri, nevertheless Anthem Missouri has been adjudicating and paying their claims at discounted contract rates rather than based on the reasonable value of the services rendered by an OON provider.

31. The amount of Plaintiffs' damages will be proven at trial, and the total grows daily as Anthem Missouri continues to improperly process and adjudicate additional OON claims submitted by Plaintiffs.

### Anthem Missouri's Improper Processing of Claims Prevents Plaintiffs from Accessing IDR Remedies

32. The Missouri Surprise Billing Act is codified at Mo. Ann. Stat. § 376.690 (the "Surprise Billing Act") and became effective on August 28, 2019 ("MSBA").

6

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

33.     Under the MSBA, Anthem Missouri is responsible for paying "a reasonable reimbursement" for "unanticipated out-of-network care" with respect to emergency medical services provided to its members.

34.     Under the MSBA, if out-of-network providers like Plaintiffs conclude that payment received from Anthem Missouri for emergency medical services provided to a covered person is not sufficient, Plaintiffs may initiate a request for arbitration with the Missouri Department of Commerce and Insurance.

35.     The arbitration process provided for by the MSBA is commonly referred to as an independent resolution process, or "Missouri IDR."

36.     Claims for emergency medical services that Anthem Missouri wrongly processes as in-network, instead of out-of-network, are ineligible to be submitted to the Missouri IDR arbitration process set forth in the MSBA.

37.     The federal No Surprises Act, 26 U.S.C. § 9816, et seq. ("NSA"), provides a similar independent resolution process ("IDR") remedy in the circumstances described above. Similarly, the NSA does not permit a medical provider to submit in-network claims to resolution by IDR.

38.     By improperly processing the Underpaid Claims as in-network, Anthem Missouri has prevented Plaintiffs from pursuing statutory remedies available under the MSBA and NSA, thereby causing substantial damages to Plaintiffs.

***Anthem Missouri Ignores Plaintiffs' Resolution Efforts.***

39.     On or about October 23, 2025, Plaintiffs' counsel sent Anthem Missouri a demand letter via email and US Mail attempting to resolve the Underpaid Claims owed to SEPM and Southeast EPM.  The letter provided formal notice to Anthem Missouri that it was not adhering to applicable standards for out-of-network reimbursement, and Plaintiffs gave Anthem Missouri until

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

November 1, 2025, to confirm that it was reprocessing Plaintiffs' claims. A true and correct copy of this demand letter, with attachments omitted, is attached as **Exhibit A**.

40.     By email to Anthem Missouri dated November 7, 2025, Vickie Smith, Regional Vice President of Managed Care for TeamHealth, an affiliate of Plaintiffs, sought to correct the improper handling of Plaintiffs' claims, stating: "It has been over two months since we began this conversation regarding incorrect adjudication, and we need confirmation that the Anthem MO system configuration has been corrected.  Please also provide a plan for reprocessing the impacted claims with the appropriate NSA remark codes."

41.     Despite these written requests, Anthem Missouri did not correct its system or reprocess the Underpaid Claims as out-of-network.

42.     On or about February 6, 2026, Plaintiffs' counsel sent Anthem Missouri another demand letter attempting to resolve the Underpaid Claims owed to Plaintiffs. In the letter, Plaintiffs gave Anthem Missouri until February 20, 2026 to confirm that it was reprocessing Plaintiffs' claims. A true and correct copy of this demand letter, with attachments omitted, is attached  as **Exhibit B**.

43.     Following receipt of the second demand letter, Anthem Missouri did not reprocess and properly pay the Underpaid Claims, provide any explanation for its wrongful conduct, or otherwise respond to Plaintiffs' demand letters by the deadlines Plaintiffs provided.

<u>**COUNT I: BREACH OF MISSOURI'S PROMPT PAY LAWS**</u>

44.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through  43 of this Petition as if fully set forth herein.

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

45.     Missouri has enacted prompt pay laws which require health insurance companies, such as Anthem Missouri, to promptly pay claims or be subject to interest and/or penalties. RSMo 376.383.

46.     The statute provides that within 30 days of receipt of a filed electronic claim, a health insurance company like Anthem Missouri must either pay the claim, deny the claim, or request additional information from the claimant.  RSMo 376.383(3).

47.     If the health insurance company has not properly paid the claim within 45 days of receipt, the insurer must pay the claimant one percent interest per month and a penalty in the amount of one percent of the claim per day.

48.     For the Underpaid Claims, Anthem Missouri improperly processed the claims as in network, in violation of RSMo 376.383, adjudicating the claims at a contract rate that has no relation to the Underpaid Claims.

WHEREFORE, Defendants demand judgment against Plaintiffs for damages (the difference between the reasonable and customary value of the services provided less the amounts Anthem Missouri paid), plus the statutory interest, penalties, and attorney's fees under RSMo 376.383.

### COUNT II: BREACH OF IMPLIED CONTRACT

49.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 49 of this Petition as if fully set forth herein.

50.     In addition, and/or in the alternative, Defendants are responsible for the reasonable and customary value of the medical services Plaintiffs provided to Anthem Missouri's members based upon Anthem Missouri's breach of an implied contract between the parties.

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

51.     At all material times, Anthem Missouri knew that Plaintiffs were non-participating providers furnishing necessary emergency medical services to Anthem Missouri's members.

52.     At all material times, Plaintiffs have undertaken to provide valuable emergency medical services to Anthem Missouri's members in good faith, and Anthem Missouri has undertaken to pay for services provided to Anthem Missouri's members; Anthem Missouri was aware that Plaintiffs were entitled to and expected to be paid the reasonable and customary value of its services.

53.     At all material times, Plaintiffs were not parties to a provider agreement with Anthem Missouri and did not agree to accept discounted rates from Anthem Missouri or to be bound by Anthem Missouri's reimbursement policies or rate schedules with respect to any of the Underpaid Claims.

54.     Through the parties' conduct and respective undertaking of obligations, the parties implicitly agreed, and Plaintiffs had a reasonable expectation and understanding, that Anthem Missouri would reimburse Plaintiffs for the OON Claims at a rate reflecting the reasonable and customary value of Plaintiffs' services.

55.     Anthem Missouri has received and accepted Plaintiffs' bills for the emergency medical services Plaintiffs provided and continues to provide to Anthem Missouri's members, and Defendants have  consistently adjudicated and paid Plaintiffs directly for the Underpaid Claims, albeit at amounts less than the reasonable and customary value of the services rendered.

56.     In breach of its implied contract with Plaintiffs, Anthem Missouri has systemically adjudicated the Underpaid Claims at rates substantially below the reasonable and customary value of the services provided; and this practice is ongoing.

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

57.     At the same time, Plaintiffs have performed all obligations under their implied contract with Anthem Missouri, Healthy Alliance and HMO Missouri necessary for Plaintiffs to be reimbursed for the Underpaid Claims at the reasonable value of the services rendered.

58.     All necessary conditions precedent occurred for Anthem Missouri, Healthy Alliance and HMO Missouri to be required to perform its obligations to pay Plaintiffs on the Underpaid Claims at the appropriate rate.

59.     Plaintiffs did not agree that the discounted, in-network reimbursement rates paid by Anthem Missouri were reasonable or sufficient to compensate Plaintiffs for the emergency medical services provided.

60.     As a result of Anthem Missouri's, Healthy Alliance's and HMO Missouri's breach of its implied contract to pay Plaintiffs for the reasonable and customary value of the services provided in connection with the Underpaid Claims, Plaintiffs have suffered injury and are entitled to monetary damages from Anthem Missouri, Healthy Alliance and HMO Missouri to compensate them for their injuries.

WHEREFORE, Plaintiffs demand judgment for  damages in an amount equal to (a) the difference between the amounts Anthem Missouri unilaterally allowed as payable and the lesser of Plaintiffs' charges and the reasonable and customary value of Plaintiffs' professional services, plus (b) interest for Plaintiffs' loss of the use of that money.

### COUNT III: UNJUST ENRICHMENT

61.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 62 of this Petition as if fully set forth herein.

62.     In addition, and/or in the alternative to the foregoing claims, Plaintiffs are entitled to compensation under a theory of unjust enrichment.

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

63.     The elements of a claim for unjust enrichment are (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Cridlebaugh v. Putnam Cnty. State Bank of Milan*, 192 S.W.3d 540, 543 (Mo. Ct. App. 2006).

64.     At all times relevant to the claims at issue in this case, Plaintiffs have conferred a direct benefit upon Anthem Missouri by providing valuable emergency medical services to Anthem Missouri's members.

65.     Anthem Missouri publicly advertises to its members that it will pay for out-of-network emergency services provided to them.  This practice directly benefits Anthem Missouri in its recruitment of businesses and members to utilize its plans.

66.     In exchange for premiums, Anthem Missouri owes Anthem Missouri's members a duty to pay for the covered medical services they receive.

67.     Anthem Missouri derives a direct benefit from Plaintiffs' provision of emergency medical services to Anthem Missouri's members, because it is through the provision of such services Anthem Missouri fulfills its obligations to its members.

68.     There is no dispute that the emergency medical services at issue that Plaintiffs provided to Anthem Missouri's members were covered services; Anthem Missouri processed and adjudicated the Underpaid Claims, determined they were covered services, and paid Plaintiffs for them, albeit at an inappropriately discounted rate.

69.     Anthem Missouri has knowledge of the benefits Plaintiffs conferred upon Anthem Missouri by providing emergency medical services to its members because, *inter alia*, Anthem Missouri received, processed, and adjudicated the Underpaid Claims and determined that they were covered services under Anthem Missouri's contracts with its members.

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

70. Anthem Missouri voluntarily accepted, retained, and enjoyed—and continues to accept, retain, and enjoy—the benefits conferred upon it by Plaintiffs, knowing that Plaintiffs expected and still expect to be paid reasonable and customary rates for their services. However, Anthem Missouri has failed to reimburse Plaintiffs at an appropriate rate for the emergency services Plaintiffs rendered to Anthem Missouri's members.

71. Under the present circumstances, it would be inequitable for Anthem Missouri to retain the benefits they received without paying for the full measure of the value of those benefits.

72. It would be against equity and good conscience to allow Anthem Missouri to reap a benefit by underpaying or failing to pay Plaintiffs an appropriate rate for the valuable services that Plaintiffs provided to Anthem Missouri's members.

73. Allowing Anthem Missouri to retain the benefit of the services Plaintiffs has provided would be particularly unjust given Plaintiffs' dogged efforts over the last two years to resolve Anthem Missouri's reimbursement issues.

WHEREFORE, Plaintiffs demand  judgment for compensatory damages, as permitted by applicable law, in an amount which will continue to accrue through the date of trial, equal to the difference between the amounts Anthem Missouri adjudicated as payable for the services provided and the reasonable and customary value of the medical care Plaintiffs provided, plus interest for the loss of use of that money.

## COUNT IV: QUANTUM MERUIT

74. Plaintiffs incorporate the allegations contained in Paragraphs 1 through 76 of this Petition as if fully set forth herein.

75. In addition, and/or in the alternative to the foregoing claims, Plaintiffs are entitled to compensation under a theory of quantum meruit.

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

76.     The essential elements of a claim of quantum meruit are: "(1) that the plaintiff provided to the defendant materials or services at the defendant's request or with the acquiescence of the defendant, (2) that the materials or services had reasonable value, and (3) that the defendant has failed and refused to pay the reasonable value of such materials or services despite the demands of plaintiff." *Holliday Invs., Inc. v. Hawthorn Bank*, 476 S.W.3d 291, 295 (Mo. Ct. App. 2015).

77.     At all times relevant to the claims at issue in this case, Plaintiffs conferred a direct benefit upon Anthem Missouri by providing valuable emergency medical services to Anthem Missouri's members.

78.     In exchange for premiums, Anthem Missouri owes Anthem Missouri's members a duty to pay for the covered medical services they receive. Anthem Missouri derives a direct benefit from Plaintiffs' provision of emergency medical services to Anthem Missouri's members, because it is through the provision of such services that Anthem Missouri fulfills its obligations to its members.

79.     There is no dispute that the emergency medical services at issue that Plaintiffs provided to Anthem Missouri's members were covered services; Anthem Missouri processed and adjudicated the Underpaid Claims, determined they were covered services, and paid Plaintiffs for them, albeit at an inappropriately discounted rate.

80.     Anthem Missouri has knowledge of the benefits Plaintiffs conferred upon Anthem Missouri by providing emergency medical services to Anthem Missouri's members because, *inter alia*, Anthem Missouri received, processed, and adjudicated the Underpaid Claims and determined that they were covered services under Anthem Missouri's contracts with its members.

81.     Anthem Missouri voluntarily accepted, retained, and enjoyed—and continues to accept, retain, and enjoy—the benefits conferred upon them  by Plaintiffs, knowing that Plaintiffs

14

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

expected and still expect to be paid the fair value for their services. However, Anthem Missouri has failed to reimburse Plaintiffs for the reasonable and customary rate for the services Plaintiffs have rendered to its members.

82.     Under the present circumstances, it would be inequitable for Anthem Missouri to retain this benefit without paying the full measure of the value of that benefit, or without reimbursing Plaintiffs the reasonable value of the medical care that Plaintiffs provided.

83.     It would be against equity and good conscience to allow Anthem Missouri to reap a benefit by underpaying or failing to pay Plaintiffs for valuable services that Plaintiffs provided to Anthem Missouri's members.

84.     Allowing Anthem Missouri to retain the benefit of the services Plaintiffs has provided would be particularly unjust given Plaintiffs' dogged efforts to resolve Anthem Missouri's reimbursement issues.

WHEREFORE, Plaintiffs seek judgment for compensatory damages, as permitted by applicable law, in an amount which will continue to accrue through the date of trial, equal to the difference between the amounts Anthem Missouri adjudicated as payable for the Underpaid Claims and the reasonable and customary value of the medical care Plaintiffs provided, plus interest for the loss of use of that money.

## V. INJUNCTIVE AND DECLARATORY RELIEF

85.     Plaintiffs incorporate the allegations contained in Paragraphs 1 through 88 of this Petition as if fully set forth herein.

86.     Anthem Missouri's wrongful practice of processing Plaintiffs' claims as in-network continues, despite efforts by Plaintiffs to convince Anthem Missouri to adjudicate their claims as out-of-network at a reasonable rate.

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

87.    Plaintiffs' damages continue to accumulate as this wrongful practice continues unabated.

88.    Plaintiffs will suffer irreparable harm in the absence of the requested relief.

89.    Unless this wrongful practice is prohibited by injunctive relief, Plaintiffs will be forced to continue filing lawsuits as the wrongfully processed claims accumulate.

WHEREFORE, Plaintiffs seek an order compelling Anthem Missouri to (a) properly adjudicate Plaintiffs' claims as out-of-network, (b) refrain from unreasonably denying claims appropriately deemed covered and medically necessary, and (c) pay all such covered, medically necessary claims at reasonable and customary rates and on a timely basis as required by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs requests that this Court:

1.    Enter judgment against Anthem Missouri, Healthy Alliance and HMO Missouri, individually and severally, and in Plaintiffs' favor, awarding Plaintiffs compensatory damages for the reasonable and customary value of the emergency medical services that Plaintiffs rendered to Anthem Missouri's members through the final judgment in this action, less any payments made by Anthem Missouri for said claims;

2.    Award Plaintiffs its costs, attorneys' fees, statutory interest, pre-judgment interest, and post-judgment interest on all amounts found due at the maximum rate allowed under Missouri law;

3.    Enter an order requiring Anthem Missouri to (a) properly adjudicate Plaintiffs' claims as out-of-network, (b) refrain from unreasonably denying claims appropriately deemed covered and medically necessary, and (c) pay all such covered, medically necessary claims at reasonable and customary rates and on a timely basis as required by law; and

16

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

4.       Award Plaintiffs any and all further relief to which it may be entitled and as the Court deems just and appropriate.

Dated:  May 26, 2026

Respectfully submitted,

**UB Greensfelder LLP**

By:  */s/ Kevin F. Hormuth*
    Kevin F. Hormuth, #48165
    10 S Broadway, Suite 2000
    St. Louis, MO   63102
    T:  (314) 345-5400
    khormuth@ubglaw.com

By:  */s/ Samuel L. Felker*
    Samuel Lanier Felker, *pro hac vice pending*
    BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, P.C.
    1600 West End Avenue, Suite 2000
    Nashville, TN 37203
    T: (615) 726-5558
    samfelker@bakerdonelson.com

    Desislava Docheva, *pro hac vice pending*
    200 East Broward Blvd., Suite 2000
    Fort Lauderdale, Florida 33301
    Telephone: (954) 768-1600
    Facsimile: (954) 333-3930
    ddocheva@bakerdonelson.com

**26SL-CC03943**

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

# EXHIBIT A

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM



BAKER DONELSON
BEARMAN, CALDWELL & BERKOWITZ, PC

1600 WEST END AVENUE
SUITE 2000
NASHVILLE, TENNESSEE 37203

MAILING ADDRESS:
P.O. BOX 331884
NASHVILLE, TENNESSEE 37203

PHONE:   615.726.5600

www.bakerdonelson.com

GARY C. SHOCKLEY, SHAREHOLDER
**Direct Dial**: 615-726-5704
**Direct Fax**: 615-744-5704
**E-Mail Address**: gshockley@bakerdonelson.com

October 23, 2025

James Blackburn
Regional Vice President for Provider Solutions
RightCHOICE Managed Care, Inc., d/b/a
Anthem Blue Cross and Blue Shield
220 Virginia Avenue
Indianapolis, Indiana 46204 3709
James.blackburn@healthybluemo.com

> Re:   SEPM Missouri Services, P.C. (TIN 47-1821845)
>       SE Emergency Physicians of Memphis Associates, P.C. (TIN 47-1647686)

Dear Mr. Blackburn:

As you know, Anthem Blue Cross and Blue Shield of Missouri ("BCBSM") and SEPM Missouri Services, P.C. ("SEPM"), were parties to a Provider Agreement, as amended from time to time (the "Contract").  The Contract expired on or about January 11, 2024.  As of that date, SEPM became an out-of-network provider for BCBSM and its members.

As an out-of-network provider, the expired in-network reimbursement rates under the Contract no longer apply to emergency medical services provided to BCBSM members.  Instead, BCBSM is obligated to compensate SEPM (TIN 47-1821845) at the full out-of-network rate. Unfortunately, however, this has not occurred.

SEPM's records show that BCBSM has still been processing SEPM's claims for dates of service on and after January 1, 2024 (the "Post-Termination Claims") as in-network and at the former contract rate.  Additionally, the Post-Termination Claims have not accurately reflected the correct remark codes under the No Surprises Act.  On September 24, 2025, SEPM informed BCBSM of this fact and requested such claims be reprocessed accurately.  BCBSM has failed to

4932-6323-4417v2
2943270-000006 10/22/2025

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

James Blackburn
October 23, 2025
Page 2

acknowledge and identify a plan to correctly reprocess correct remark codes under the No Surprises Act.

In addition to the incorrect application of the terminated contract rate schedule to Post-Termination Claims of SEPM, claims of SE Emergency Physicians of Memphis Associates, P.C., (TIN 47-1647686) have also been paid under that terminated and inapplicable rate schedule. SE Emergency Physicians of Memphis Associates, P.C. has never been contracted with BCBSM.

This letter is formal notice to BCBSM that it is not adhering to applicable standards for out-of-network reimbursement. We demand that BCBSM confirm by November 1, 2025 that it is reprocessing SEPM's and SE Emergency Physicians of Memphis Associates, P.C., Post-Termination Claims to accurately reflect their out-of-network status. If BCBSM does not, SEPM will have no choice but to pursue its legal rights in the matter.

Please accept our thanks for your prompt attention to this important matter.

Sincerely

Gary C. Shockley, Shareholder

cc:    Linda F. Thacker, Esq.
       Registered Agent for Service of Process
           CT Corporation System
           5661 Telegraph Road
           Suite 43
           St. Louis, MO 63129-4275

4932-6323-4417v2
2943270-000006 10/22/2025

**26SL-CC03943**

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

# EXHIBIT B



Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

BEARMAN, CALDWELL & BERKOWITZ, PC

1600 WEST END AVENUE
SUITE 2000
NASHVILLE, TENNESSEE 37203

MAILING ADDRESS:
P.O. BOX 331884
NASHVILLE, TENNESSEE 37203

PHONE:   615.726.5600

www.bakerdonelson.com

SAMUEL L. FELKER, SHAREHOLDER
**Direct Dial**: 615-726-5558
**Direct Fax**: 615-744-5704
**E-Mail Address**: samfelker@bakerdonelson.com

February 6, 2026

James Blackburn
Regional Vice President for Provider Solutions
RightCHOICE Managed Care, Inc., d/b/a
Anthem Blue Cross and Blue Shield
220 Virginia Avenue
Indianapolis, Indiana 46204 3709
James.blackburn@healthybluemo.com

> Re:   Southeastern Emergency Physicians of Memphis LLC (TIN 62-1453389)
>        Southeast Emergency Physicians of Memphis Associates, PC (TIN 47-1647686)
>        SEPM Missouri Services, PC (TIN 47-1821845)
>        Missouri Emergency Services PC  (TIN 45-3955994)

Dear Mr. Blackburn:

I am writing to follow up on Gary Shockley's letter to you dated October 23, 2025.  Mr. Shockley's letter demanded that Anthem Blue Cross and Blue Shield of Missouri ("BCBSM") confirm by November 1, 2025 that you are reprocessing SEPM Missouri Services, PC's and Southeast Emergency Physicians of Memphis Associates, PC's claims to accurately reflect their out-of-network status. There has been no substantive response to our letter, and the claims have not been correctly reprocessed as out-of-network (OON or Non-Par).

As you are aware, all of the above TINS in Missouri are out of network, and where there was a provider contract with BCBSM it was terminated. Nevertheless, the same problem continues with OON claims submitted by Southeastern Emergency Physicians of Memphis LLC (TIN  62-1453389) and Missouri Emergency Services PC  (TIN 45-3955994) being incorrectly paid as in-network claims.  By email dated September 12, 2025, Vickie Smith requested a plan from Anthem to correct this issue and reprocess all TINS in Missouri as OON with correct remark codes. Ms. Smith renewed that request to you by emails dated November 7, 2025, December 2,

Electronically Filed - St Louis County - May 26, 2026 - 11:04 AM

James Blackburn
February 6, 2026
Page 2

2025, and January 7, 2026. Yet, Anthem has not provided a plan to correctly reprocess the claims submitted to BCBSM under these TINS as Non-Par.

In light of BCBS's delay in addressing this critical situation, my clients have instructed us to take appropriate legal action to address BCBSM's failure to adhere to applicable standards for out-of-network reimbursement. My client will allow 14 additional days for you to make a substantive response including a proposed remedy and timeline. To avoid immediate legal action, your prompt attention to this important matter is required.

Sincerely,

Samuel L. Felker, Shareholder

cc:     Linda F. Thacker, Esq.
        Registered Agent for Service of Process
                CT Corporation System
                5661 Telegraph Road
                Suite 43
                St. Louis, MO 63129-4275